UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NICK RING,<br>Individually and on Behalf of All Other<br>Persons Similarly Situated,<br><br>                Plaintiff,<br>       v.<br><br>STEPHANIE SOKOLOVE, STEPHANIE<br>ASSOCIATES, INC., STEPHANIE<br>ASSOCIATES, LP, and LEO FONESCA,<br><br>                Defendants. | C.A. No. 1:12 cv 12240-RGS |

## DEFENDANTS' MOTION TO ALLOW THE TRIAL DEPOSITION BY VIDEO OF MICHAEL LETTERMAN, IF NECESSARY

Defendants Stephanie Sokolove, Stephanie Associates, Inc., Stephanie Associates, LP, and Leo Fonseca (collectively, "Defendants") hereby move the Court to allow a trial deposition by video of Michael Letterman ("Letterman") on the afternoon of Tuesday, November 18, 2014, if Letterman is not able to testify live before the trial session ends that day.

As grounds for this motion, Defendants state as follows:

1.    Letterman is an indispensable witness to the Defendants' case. Letterman is not an employee of or under the control of any of the Defendants. Letterman is available during the first two days of the trial, November 17 and 18, but has mandatory annual meetings for his job on November 19 and 20, that he cannot miss and that cannot be rescheduled.

2.    Because live testimony gives the jury the best opportunity to assess the witness, Defendants prefer that Letterman testify live during the trial. However, counsel for Plaintiff has stated that she is not sure if her case will conclude before the end of the trial day (1pm) on Tuesday, November 18, and has also stated that she will not assent to Letterman's live testimony

before her case-in-chief concludes.  If the Plaintiff's case does end early in Tuesday's session, which is possible given the Parties' initial estimated trial length, the Defendants plan to call Letterman as their first witness and finish his examination that day.

3.    However, if Letterman cannot testify live before 1pm on Tuesday, the Defendants propose that they be allowed to conduct a video deposition that afternoon, which can be shown to the jury in its entirety the next day at trial.  Plaintiff will be invited to cross-examine, and both Parties can question Letterman in the same style as he would have been questioned at trial.  Based on the Parties' estimates of the time necessary to question Letterman, this deposition should take under two hours.  Defendants have offered to make all arrangements for the deposition and to cover the costs of the videographer and the production of the video in a format to be shown at trial.

4.    Plaintiff does not agree to this proposal, and has instead suggested that Letterman be deposed prior to the start of trial.  This suggestion, however, prejudices the Defendants and provides an undue advantage to Plaintiff.  It requires Defendants to conduct trial examination of a key defense witness prior to Plaintiff putting on any evidence or even giving to an opening statement.  It also is inefficient because the deposition could well prove unnecessary, if Letterman can testify live as Defendants prefer.  Plaintiff should not be allowed to take advantage of Letterman's limited availability to force Defendants to reveal their trial strategy prior to presenting his own case-in-chief.  Defendants' proposal maintains the proper order of witnesses at trial, and allows for Letterman to testify live, if time permits.

For these reasons, Defendants respectfully request that the Court should allow the video deposition of Letterman on Tuesday, November 18, 2014, in the event that there is not sufficient time for Letterman to testify before the end of the trial day.

- 3 -

        **STEPHANIE ASSOCIATES, INC.,
STEPHANIE ASSOCIATES, LP,
STEPHANIE SOKOLOVE and LEO
FONESCA**,

        By their attorneys,


        */s/ Lyndsey M. Kruzer*
        James W. Bucking, BBO# 558800
        Lyndsey M. Kruzer, BBO# 675797
        Foley Hoag LLP
        155 Seaport Boulevard
        Boston, Massachusetts  02210-2600
        617-832-1000
        jbucking@foleyhoag.com
        lkruzer@foleyhoag.com

Dated:  October 10, 2014


**Certification of Compliance With Local Rule 7.1**

     I hereby certify, in accordance with Local Rule 7.1(A)(2), that I conferred in good faith with counsel for Plaintiff on September 23, 2013, in an attempt to narrow the issues presented in this Motion.  Despite this good faith attempt, we have been unable to narrow or resolve the issues presented in this Motion.


        */s/ Lyndsey M. Kruzer*
        Lyndsey M. Kruzer


**Certificate of Service**

     I, Lyndsey M. Kruzer, certify that on October 10, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to plaintiff by electronically serving their counsel of record.


        */s/ Lyndsey M. Kruzer*

B4315378.1